**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTH DAKOTA**
**WESTERN DIVISION**

| | |
|---|---|
| Keith Rychner, | ) |
|     Plaintiff, | ) Case No. _____ |
| vs. | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Continental Resources, Inc., | ) |
|     Defendant. | ) |

Plaintiff Keith Rychner, for his Complaint against Continental Resources, Inc. hereby states and alleges as follows:

**JURISDICTION AND VENUE**

[¶1].  Plaintiff Keith Rychner ("Rychner" or "Plaintiff") owns real property, resides in, and is a citizen of Dunn County, North Dakota.

[¶2].  Defendant Continental Resources, Inc. ("Continental" or "Defendant"), whose principal office is located at 20 N Broadway, PO Box 269097, Oklahoma City, Oklahoma 73126-9097, is incorporated in and a citizen of the state of Oklahoma, is registered as a foreign business corporation with the North Dakota Secretary of State, and is engaged in the business of oil and gas exploration and production in North Dakota.

[¶3].  Rychner has sustained damages in excess of $75,000.

[¶4].  This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(a). Venue is properly vested in this Court because the Rychner property is located in Dunn County, North Dakota.

## FACTS

[¶5].     Rychner is the owner of the surface estate of the following parcels in Dunn County, North Dakota:

  a. Parcel 011941000 in the W2NW4 of Section 14, Township 146, Range 96,

  b. Parcel 011941003 in the W2NW4 of Section 14, Township 146, Range 96,

  c. Parcel 011941004, the NW4 of Section 14, Township 146, Range 96,

  d. Parcel 012141000, the E2SW4 and W2SE4 of Section 28, Township 147, Range 96,

  e. Parcel 012143000, the NE4 of Section 29, Township 147, Range 96,

  f. Parcel 012145000, that part of the NW4 North of the Highway, Less 2.31 Acres, in Section 28, Township 147, Range 96, and

  g. Parcel 012147000, the SE4 of Section 28, Township 147, Range 96.

[¶6].     Defendant is responsible for expansion of an existing wellsite and use of the existing access road for drilling and operating the Carus 13-28H fka Carus 24-28H well ("Carus 13-28H well") in SE4SW4 of Section 28, Township 147 North, Range 96 West. *See* Exhibit A, attached to the Complaint.

[¶7].     Continental offered Rychner $4,700 in one lump sum in damages to his surface estate for expansion of the existing wellsite and use of the existing access road for the Carus 13-28H well.

[¶8].     Defendant is responsible for installing production pipelines and a fiber optic line for drilling and operating the Carus Multi Well Pad (4-7) ("Carus 4-7 wells") in SW4SE4 of Section 28, Township 147 North, Range 96 West. *See* Exhibit B, attached to the Complaint.

[¶9].   Continental offered Rychner $75.00 per rod for each linear rod of land disturbed as damages by the installation, use and maintenance of the pipelines and fiber optic line.

[¶10].   Defendant is responsible for constructing electric line facilities for connecting the Carus (4-7) Multi Well Pad to Carus Central Tank Battery ("Carus 4-7 to Carus CTB") in SW4SE4 of Section 28, Township 147 North, Range 96 West. *See* Exhibit C, attached to the Complaint.

[¶11].   Continental offered Rychner $334.50 in one lump sum representing 13.38 linear rods for electric line at $25.00 per rod of land disturbed as damages for the electric line facilities.

[¶12].   Defendant is responsible for drilling and operating of the Carus 13 Drillsite (site expansion for Carus 3 and Carus 14 wells) ("Carus expansion") in E2SW4, W2SW4 of Section 28, Township 147 North, Range 96 West. *See* Exhibit D, attached to the Complaint.

[¶13].   Continental offered Rychner two options. Option 1 was $700 per acre totaling $770 and $150 annual per acre totaling $165 and access road of $25 a rod totaling $240.50. The total payment for option 1 was $1,010.50 plus annual payments. Option 2 was $4,700 per acre totaling $5,170 and access road of $25 a rod totaling $240.50. The total payment for option 2 was $5,410.50 for a lump sum for surface damages.

[¶14].   Defendant is responsible for installing a pipeline corridor, including electric line(s), fiber optic line(s) and production pipeline(s) for oil, gas, fresh water and produced water for operating the Rodney 1-29H ("Rodney 1-29H Flowline") in SW4SE4 of Section 29, Township 147 North, Range 96 West. *See* Exhibit E, attached to the Complaint.

[¶15].   Continental offered Rychner a lump sum payment of $75 per linear rod or $488.25 for surface damages.

[¶16].   Defendant is responsible for installing a pipeline corridor, including electric line(s), fiber optic line(s) and production pipeline(s) for oil, gas, fresh water and produced water for operating the Carus 3, 14, and 14 to the Central Tank Battery ("Carus Flowlines") in SW4SE4, SE4SW4 of Section 28, Township 147 North, Range 96 West. *See* Exhibit F, attached to the Complaint.

[¶17].   Continental offered Rychner a lump sum payment of $75 per linear rod or $10,850.25.

[¶18].   Rychner notified Continental that his damages were higher than the amounts offered by Continental and that the offers were insufficient.

[¶19].   There is no agreement between the Defendant and Rychner regarding compensation for damages arising from the Defendant's mineral production activities on the premises.

[¶20].   Rychner has not been compensated for damages as provided for in N.D.C.C. ch. 38-11.1 for the claims referenced in this Complaint.

### CAUSE OF ACTION:  COMPENSATION FOR DAMAGES PURSUANT TO N.D.C.C. CHAPTER 38-11.1

[¶21].   Rychner restates and realleges all prior paragraphs of this Complaint.

[¶22].   The Defendant has caused and continues to cause damage to the premises owned by Rychner.

[¶23].   Rychner has incurred and will continue to incur damages caused by the Defendant's drilling operations for diminution in land value, lost use of the surface estate, lost access to the surface owner's land, lost value of improvements, and loss of production and income caused by Defendant's oil and gas operations.

[¶24].   Defendant is liable for these damages to Rychner's land caused by the Defendant's oil and gas operations pursuant to N.D.C.C. ch. 38-11.1.

[¶25].   Continental's offers referred to in Paragraphs 6, 8, 10, 12, 14, and 16 were intended to compensate Rychner for any and all damages incurred to his surface estate.

[¶26].   Continental's offers were inadequate to compensate Rychner for the damages he has incurred and will incur, and as such, Rychner is also entitled to his attorney's fees, any costs assessed by the court, and interest on the amount of compensation awarded.

WHEREFORE, Rychner requests judgment in his favor and against the Defendant as follows:

1. For monetary judgments in an amount proven at trial; and
2. For attorney's fees, costs assessed by the Court, and interest on the amount of final compensation awarded by the Court as provided under N.D.C.C. § 38-11.1-09; and
3. For other such relief as the Court deems just and equitable, together with costs and disbursements.

Dated this 5th day of September, 2024.

**BRAATEN LAW FIRM**

/s/ *Derrick Braaten*
Derrick Braaten (ND ID 06394)
109 N. 4th St., Ste. 100
Bismarck, ND 58501
Phone:  701-221-2911
derrick@braatenlawfirm.com
*Attorneys for Plaintiff*

## JURY DEMAND

Rychner demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and any other law entitling Rychner to a trial by jury.

Dated this 5th day of September, 2024.

**BRAATEN LAW FIRM**

/s/ *Derrick Braaten*
Derrick Braaten (ND ID 06394)
109 N. 4th St., Ste. 100
Bismarck, ND 58501
Phone: 701-221-2911
derrick@braatenlawfirm.com
*Attorneys for Plaintiff*